IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| DAVID MACK JOHNSON, | ) | CIVIL ACTION 4:10-553-RMG-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income ("SSI"). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. This case was referred to the undersigned for a report and recommendation pursuant to Local Rule 73.02(B)(2)(a), (D.S.C.).

## I. PROCEDURAL HISTORY

Plaintiff, David Mack Johnson, protectively filed an application for DIB on March 8, 2010, with an alleged onset of disability of July 24, 2003, due to problems with his right shoulder and knee. Plaintiff requested a hearing before an administrative law judge (ALJ) after his claims were denied initially and on reconsideration. A hearing was held before an Administrative Lw Judge

(ALJ) on July 17, 2009, at which both plaintiff and a vocational expert (VE) appeared and testified.

On August 26, 2009, the ALJ issued a decision finding that plaintiff was not disabled because he has the RFC to perform light work and must have the option to sit or stand every 30 minutes, may perform frequent postural activities, but is precluded from climbing ladders and scaffolds, as well as performing any overhead reaching. (Tr. 10). The ALJ found based on the RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform. (Tr. 12). After the Appeals Council denied plaintiff's request for review (Tr. 4-6), the ALJ's decision became the Commissioner's final decision for purposes of judicial review under 42 U.S.C. Section 405(g). See 20 C.F.R. § 404.981.[1] Plaintiff filed the instant action on November 13, 2008.

## II.  FACTUAL BACKGROUND

The plaintiff was born on April 7, 1955, and was fifty-four years of age at the time of his hearing before the ALJ. (Tr. 18). Plaintiff has a limited education in that he completed ninth grade. (Tr. 19). Plaintiff has past relevant work experience as a mechanic and worked for Coastal Electric from 1978 to 2003. (Tr. 20).

## III. DISABILITY ANALYSIS

Plaintiff presents one issue in his brief as follows, quoted verbatim:

Did the Administrative Law Judge err in failing to afford great weight to plaintiff's testimony regarding intensity and degree of pain?

---

[1] All of this Court's references to the Code of Federal Regulations (C.F.R.) are to the 2008 edition.

The Commissioner contends that the ALJ did not commit error and urges that substantial evidence supports the determination that plaintiff was not disabled.

In deciding that plaintiff is not entitled to benefits, the ALJ made the following findings, which have been adopted by the Commissioner:

1. The claimant meets the insured status requirements of the Social Security Act through December 31, 2009.

2. The claimant has not engaged in substantial gainful activity since July 24, 2003, the alleged onset date (20 CFR 404.1571 et seq.).

3. The claimant has the following severe impairments: osteoarthritis, diabetes, and chronic venous insufficiency (20 CFR 404.1520(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b). He must have the option to sit or stand every 30 minutes. He may perform frequent postural activities, but is precluded from climbing ladders and scaffolds, as well as performing any overhead reaching.

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on April 7, 1955, and was 48 years old, which is defined as a younger individual age 18-49, on the alleged onset date. The claimant subsequently changed age category to closely approaching advanced age. (20 CFR 404.1563).

8. The claimant has a limited education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (see SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

> 10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569a).
>
> 11. The claimant has not been under a disability, as defined in the Social Security Act, from July 24, 2003, through the date of this decision. (20 CFR 404.1520(g)).

(Tr. 7-13).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial evidence and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in

substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

## IV.  ANALYSIS

A.  Credibility

Plaintiff contends that the ALJ erred in his credibility assessment.  Under Craig v. Chater, 76 F.3d 585, 591-96 (4th Cir. 1996), subjective complaints are evaluated in two steps.  First, there must be documentation by objective medical evidence of the presence of an underlying impairment that would reasonably be expected to cause the subjective complaints of the severity and persistence alleged.  Not until such underlying impairment is deemed established does the factfinder proceed to the second step:  consideration of the entire record, including objective and subjective evidence, to assess the credibility of the severity of the subjective complaints.  See also 20 C.F.R. § 404.1529(b); Social Security Ruling (SSR) 96-7p, 61 Fed. Reg. 34483-01, 34484-85.

The ALJ may choose to reject a claimant's testimony regarding his pain or physical condition, but she must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence.  Hatcher v. Sec'y, Dep't of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989) (quoting Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)).  "The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight."  SSR 96-7p, 61 Fed. Reg. at 34486. Further, "[t]he only fair manner to weigh a subjective complaint of pain is to examine how the pain affects the routine of life." Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994); see also Goff v. Barnhart, 421 F.3d 785, 792 (8th Cir. 2005) ("'Acts which are inconsistent with a claimant's assertion of disability reflect negatively upon that claimant's credibility.'" (citation omitted)).

The court has addressed the issue and standard of pain as follows:

> 'An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability. . . . there must be medical signs and findings, established by medically acceptable, clinical or laboratory techniques, which show the existence of a medical impairment . . . which could reasonably be expected to produce the pain or other symptoms alleged and which . . . would lead to a conclusion that the individual is under a disability.'

Foster v. Heckler, 780 F.2d. 1125, 1128-29, (4th Cir. 1986), quoting from the Social Security Reform Act of 1984. See also, SSR 90-1p and Hyatt v. Heckler, 807 F.2d 379 (4th Cir. 1986).

The ALJ found at Craig's step one that plaintiff had impairments capable of producing the symptoms that he alleged and, accordingly, proceeded to step two. (Tr. 11). The ALJ cited numerous reasons for not finding the plaintiff's complaints of pain credible. As further explained below, the ALJ's credibility determination is supported by substantial evidence. The ALJ considered objective medical evidence and stated the following in his findings, quoted verbatim, in part:

> In 2002, the claimant underwent revision meniscectomy with micro fracture of the medial femoral condyle for a full thickness defect of his right knee. In January 2003 it was noted that the claimant reported improvement in his symptoms. Treating physician, Bright McConnell, M.D., indicated that the claimant was limited in performing repetitious kneeling, squatting, and stooping activities. In March 2003 the doctor added that the claimant would be precluded for activities requiring prolonged standing, stooping, squatting, and lifting over 20 pounds repetitiously.
>
> The claimant has undergone several procedures on his right shoulder to repair a torn rotator cuff. After surgery in 2003 he developed an infection requiring additional procedures. In May 2004 he underwent arthroscopy and rotator cuff repair. In July 2004, treating physician, Leland Stoddard, M.D., reported that the claimant was having very little pain. In September 2004 Dr. Stoddard reported that the claimant was having only a little bit of pain, but was unable to abduct actively beyond 90 degrees. The doctor noted that the claimant lost about 50% of normal internal and external rotation. He was released from treatment for his shoulder.
>
> In November 2004 the claimant underwent radio frequency ablation of the greater saphenous vein on the right. In March 2005, Dr. Stoddard reported that the claimant received excellent relief from the removal of the large nexus varicose veins from the

> knee area. The claimant did not feel that further surgery was necessary. Dr. Stoddard indicated that the claimant should not perform long periods of standing or long periods of sitting without the opportunity to get up and move around.
>
> . . .
>
> Recent treatment notes from Malcolm Horry, M.D., indicate that the claimant has not reported having any muscle or joint pain, weakness, stiffness, swelling, or inflammation.
>
> The claimant testified at the hearing that he began having problems with his shoulder in 1999. He is able to lift up to shoulder level, but he feels that he has lost strength in his right hand. He has had several surgeries on his right knee. He has gained 50 pounds since he stopped working. He is able to do household chores such as cooking, cleaning, and laundry, but his daughter helps. He also tries to cut the grass on a riding mower. He spends a lot of time during the day in a recliner.
>
> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible to the extent they are inconsistent with the above residual functional capacity assessment.
>
> There are no opinions from any treating or examining physicians indicating that the claimant is unable to work. His treating physicians have limited him from prolonged standing or sitting, as well as repetitious postural movements. These limitations have been taken into consideration in determining the residual functional capacity. The claimant testified that he is able to perform some household and yard work that is consistent with the residual functional capacity set forth above. Significant weight is given to the opinions of treating physicians, Dr. McConnell and Dr. Stoddard. The state agency physician determined the claimant was capable of performing medium work. However, based on the evidence as a whole, including the testimony a the hearing, the undersigned has determined that a residual functional capacity for a range of light work is appropriate.

(Tr. 10-11).

There is substantial evidence to support the ALJ's decision as to plaintiff's allegations of pain and the determination of his credibility based on the medical records discussed. The ALJ considered the plaintiff's subjective complaints and gave a detailed analysis of why he did not find them credible based on medical evidence. Throughout the medical records, none of plaintiff's

physicians stated that he was disabled. The only physician that placed any restriction on the plaintiff was Dr. Stoddard who indicated he should not perform long periods of standing or long periods of sitting without the opportunity to get up and move around. The ALJ took those restrictions into account in determining the RFC when he found that plaintiff had the RFC to perform light work but must have the option to sit or stand every 30 minutes and is precluded from climbing ladders and scaffolds, as well as, performing any overhead reaching. The state agency physician opined plaintiff could perform medium work but the ALJ determined that an RFC for a range of light work is appropriate based on the evidence. (Tr. 11). The ALJ's evaluation of plaintiff's subjective complaints complies with the Fourth Circuit precedent and the Commissioner's regulations. The ALJ adequately addressed each complaint, as discussed, and explained his evaluation. The AlJ discussed plaintiff's testimony with regard to his activities of daily living. Therefore, the undersigned concludes that there is substantial evidence to support the ALJ's determination as to plaintiff's complaints of pain and his credibility based on the objective medical evidence. While the plaintiff may have limitations, there is substantial evidence to support the ALJ's decision that they are not so severe as to preclude him from the demands of all work

## V.  CONCLUSION

Despite the plaintiff's claims, he has failed to show that the Commissioner's decision was not based on substantial evidence. Based upon the foregoing, this court concludes that the ALJ's findings are supported by substantial evidence and recommends the decision of the  Commissioner be affirmed. Therefore, it is

RECOMMENDED that the Commissioner's decision be AFFIRMED.

                                          Respectfully submitted,


                                          s/Thomas E. Rogers, III
                                          Thomas E. Rogers, III
                                          United States Magistrate Judge

May 18 , 2011
Florence, South Carolina

.