IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| David Mack Johnson, | ) | Civil Action No. 4:10-cv-553-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed this action seeking judicial review of a final decision of Defendant Commissioner of Social Security denying Plaintiff's application for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to a Magistrate Judge for pretrial handling. As detailed herein, this Court adopts the Report and Recommendation of the Magistrate Judge and affirms the decision to deny benefits.

## Background

The Magistrate Judge issued a Report and Recommendation recommending that the decision of the Commissioner's decision denying benefits be affirmed. (Dkt. No. 16). Plaintiff has objected to the Magistrate Judge's Report and Recommendation. Accordingly, the Court has reviewed the record *de novo*. The only issues before the Court are whether the final decision of the Commissioner of Social Security is supported by substantial evidence and whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

1

## Standard of Review

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b) (1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

The court must uphold the Commissioner's decision as long as it is supported by substantial evidence. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). "From this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the

[Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

The Commissioner's denial of benefits shall be reversed only if no reasonable mind could accept the record as adequate to support that determination. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner's findings of fact are not binding, however, if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir.1987).

### Law/Analysis

This Court has reviewed the Record and the Magistrate's Report and Recommendation *de novo*. Plaintiff argues that the ALJ erred in failing to afford sufficient weight to his testimony regarding intensity and degree of pain. (Dkt. No. 11). Specifically, Plaintiff alleges that the ALJ erred in two regards: (1) failing to properly consider Plaintiff's complaints; and (2) overlooking Plaintiff's long work history. *Id.*

Plaintiff correctly asserts that subjective evidence of intensity and degree of pain is a factor for consideration when determining if a claimant is disabled, however, he misinterprets the strength of such evidence. The Fourth Circuit has clarified that subjective claims of pain must be supported by objective medical evidence showing the existence of a medical impairment which could reasonably be expected to produce the actual pain, in the amount and degree, alleged by the claimant. *Craig v. Chater*, 76 F.3d 585, 591 (4th Cir. 1996) quoting *Mickles v. Shalala,* 29 F.3d 918, 922 (4th Cir. 1994). Thus, although Plaintiff's complaints will be considered, there must be some indication that a cause of such pain exists. *Id.*; *See* 20 C.F.R. §§ 416.929 (b) & 404.1529(b). Only after a primary cause is detected can inquiry proceed to step two, consideration of "all of

the evidence presented," including claimant's description of the pain. *Craig,* 76 F.3d 585, 591-91; *See* 20 C.F.R. §§ 404.1529(c)(3); 416.929(c)(3). The ALJ may choose to reject a claimant's testimony regarding his pain or physical condition, but he must explain the basis for such rejection to ensure that the decision is sufficiently supported by substantial evidence. *Hatcher v. Sec'y, Dep't of Health & Human Servs.*, 898 F.2d 21, 23 (4th Cir. 1989) (*citing* Smith v. Schweiker, 719 F.2d 723, 725 n. 2 (4th Cir. 1984)). When considering the severity of claimant's subjective complaints, the ALJ must "examine how the pain affects the routine of life." *Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994).

Here, the ALJ found that there was enough evidence to proceed to *Craig* step two. The ALJ then considered the objective and subjective testimony but had several substantial reasons, including positive assessments and recommendations from treating physicians (*See e.g.* Tr. 163, 175, 196, 259), x-ray images (Tr. 418-19), and Plaintiff's prior self-reports (*See e.g.* 163,171,175, 180), to find Plaintiff's complaints unconvincing. Plaintiff also admitted to his ability to perform various activities such as cooking, cleaning, grocery shopping, and doing laundry. (Tr. 26-28). Further, one State agency physician indicated that Plaintiff could perform a range of medium work (Tr. 276-83). The ALJ concluded that based on all the evidence presented, including Plaintiff's testimony, the Plaintiff should be categorized as capable of doing only light work (Tr. 11). Thus, it is evident that the ALJ did consider Plaintiff's subjective evidence, but found that it did not completely overshadow the medical evidence which the ALJ used to make his final determination.

With regard to Plaintiff's contention that the ALJ erred in overlooking Plaintiff's long work history in evaluating his credibility, the claimant's work record is only one of many factors the ALJ must consider. 1996 WL 374186 (S.S.A.). Thus, in light of the vast amount of evidence that diminishes Plaintiff's credibility, his prior work record does not necessitate further consideration.

## Conclusion

Based on the above reasoning is evident that the ALJ's finding is supported by substantial evidence. Accordingly, the denial of benefits is **AFFIRMED**.

**AND IT IS SO ORDERED.**

Richard Mark Gergel
United States District Court Judge

June 8, 2011
Charleston, South Carolina